UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

AMERICAN SECURITY INSURANCE                 CIVIL ACTION
COMPANY

VERSUS                                      NO: 06-3926

LOUVENIA PENWRIGHT                          SECTION: J(5)


### ORDER AND REASONS

Before the Court is **Defendant's Motion to Dismiss or Stay (Rec. Doc. 7)**. This motion was set for hearing on October 11, 2006. Oral argument was requested; however, the Court determined that such would not be necessary and is ruling on the motion on the briefs alone. Upon review of the record, the memoranda of counsel, and the applicable law, this Court now finds, for the reasons set forth below, that Defendant's motion should granted in that it finds this case should be stayed pending the outcome of the state court litigation.

### Background

Louvenia Penwright (the defendant in this suit) owned a home in New Orleans that was damaged in Hurricane Katrina. The home was insured by two policies: (1) a homeowners' policy issued by Plaintiff American Securities Insurance Company, and (2) a fire and casualty insurance policy issued by Louisiana Citizens Property Insurance Corporation ("Louisiana Citizens"). Defendant

1

filed damage claims with both companies and received $3,600 from Plaintiff and $13,200 from Louisiana Citizens.  However, estimates obtained by Defendant indicate that it would cost roughly $71,000 to repair her home.

After those amounts were tendered, Defendant's lawyer prepared formal proofs of loss and sent them and letters of representation to each of the insurers.  Plaintiff responded by filing this declaratory judgment action (which does not include Louisiana Citizens as a party).  Defendant claims that Plaintiff anticipated that she would file suit against it and decided to file suit first in what she claims is a "preemptive strike." Less than one month after Plaintiff filed the declaratory judgment action in federal court, Defendant filed suit against Plaintiff and Louisiana Citizens in state court.

### The Arguments

Defendant claims that under the factors set forth in St. Paul Insurance Company v. Trejo, 39 F.3d 585 (5th Cir. 1994), this declaratory judgment action should be dismissed or stayed. First, there is a pending state action wherein Defendant claims all the matters in controversy could be litigated. Second, Defendant claims that the circumstances reveal that Plaintiff filed suit in anticipation of a lawsuit being filed by Defendant (the prescriptive deadline was approaching and Plaintiff knew Defendant had an attorney based on the letter of representation it received).  Third, Defendant claims Plaintiff engaged in forum

shopping by filing a declaratory judgment action to obtain a
federal forum, which would not ordinarily be available.
Defendant is a Louisiana citizen.  Because Louisiana Citizens is
a Louisiana company, there is no diversity jurisdiction in
federal court.  Defendant also claims there is no federal
question jurisdiction because insurance issues have historically
been governed by state law.  Fourth, Defendant asserts that
because jurisdiction cannot be obtained over Louisiana Citizens,
there is no way to fully resolve the dispute completely in
federal court.  Therefore, Defendant would have to be involved in
two lawsuits: (1) a counterclaim against Plaintiff in federal
court, and (2) a suit against Louisiana Citizens in state court.
Defendant points out that inconsistent outcomes could result.

In opposition, Plaintiff asserts that this Court has
jurisdiction over the action, which involves foreign insurance
coverage claims, based on the Declaratory Judgment Act, 28 U.S.C.
§§ 2201-2201 (1988).  Plaintiff explains that the purpose of the
Declaratory Judgment Act is to afford one threatened with
liability an early adjudication without waiting until his
adversary brings an action.  Plaintiff concedes that district
courts have the discretion to stay or dismiss actions seeking
declaratory judgment, however, argues that neither course of
action is the most preferable choice when the plaintiff was only
recently made a party to the pending state court action.
Ultimately, Plaintiff asserts that this Court should not stay the

proceeding because such would deny Plaintiff its right to a federal forum.  Plaintiff argues that hearing this matter is practical and is necessary to resolve the insurance contract coverage dispute and to facilitate resolution of the pending state court matter.

## The Law

The Declaratory Judgment Act provides that "any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such a declaration." 28 U.S.C. § 2201(a). The Fifth Circuit requires a district court faced with this situation to balance on the record the purposes of the Declaratory Judgment Act and the factors relevant to the abstention doctrine when exercising its discretion. Travelers Ins. Co. v. Louisiana Farm Bureau Federation, Inc. 996 F.2d 774, 778 (5th Cir. 1993) (citing Rowan Companies, Inc. v. Griffin, 876 F.2d 26, 28-29 (5th Cir.1989)).

The Supreme Court in Wilton v. Seven Falls Co., 515 U.S. 277, 115 S.Ct. 2137, 132 L.Ed.2d 214 (1995), explained how district courts should use discretion to abstain from entertaining a declaratory judgment action:

> [I]n deciding whether to enter a stay, a district
> court should examine the scope of the pending
> state court proceeding and the nature of defenses
> open there. This inquiry, in turn, entails
> consideration of whether the claims of all parties
> in interest can satisfactorily be adjudicated in
> that proceeding, whether necessary parties have

4

been joined, whether such parties are amenable to
process in that proceeding.  515 U.S. at 283
(internal citations omitted). The Supreme Court
reasoned that when another suit "involving the
same parties and presenting opportunity for
ventilation of the same state law issues is
pending in state court," a court's consideration
of the declaratory judgment action may constitute
"gratuitous interference ." Id.

Prior to the Supreme Court's Wilton decision, the Fifth

Circuit in Travelers set forth an abstention analysis similar to

that used in Wilton. The Fifth Circuit explained that the

following factors [the same factors cited by Defendant from

Trejo, 39 F.3d 585] are relevant to the Court's determination of

the abstention issue: (1) whether there is a pending state action

in which all of the matters in controversy may be fully

litigated; (2) whether the plaintiff filed suit in anticipation

of a lawsuit filed by the defendant; (3) whether the plaintiff

engaged in forum shopping in bringing the suit; (4) whether

possible inequities in allowing the plaintiff in the declaratory

action to gain precedence in time or to change forums exist; (5)

whether the federal court is a convenient forum for the parties

and witnesses and (6) whether retaining the lawsuit in federal

court would serve the purpose of judicial economy. 996 F.2d at

778.

In Essex Ins. Co. v. Grefer, 2002 WL 1585604 (E.D.La. July

15, 2002), an insurer filed a declaratory judgment action against

its insureds, seeking a determination of its obligation under the

insurance policy to defend and indemnify its insureds in a

pending state court action. The insureds sought to have the
federal declaratory judgment action stayed pending the resolution
of the underlying state court action. Judge Vance determined that
all the issues could be resolved in state court.  Also, Judge
Vance determined that staying the declaratory judgment action
pending the outcome of the state court action would prevent
duplication of judicial effort and inconsistent results.
Therefore, the action was stayed.

     Judge Africk reached a different decision in Federal Ins.
Co. v. Southwest Materials, Inc. et al., 2003 WL 21634945
(E.D.La. July 3, 2003). In Federal Ins. Co., Christopher Gobert,
a Southwest employee, filed suit in state court against Southwest
and another insurer, requesting damages for injuries he allegedly
sustained at work. Southwest made written demand upon its
insurer, Federal, to provide it with a defense. Federal refused,
and instead, filed a declaratory judgment action in federal court
for a determination of its obligations. At the time Federal filed
its declaratory judgment action, it had not yet been named as a
defendant in the state court proceeding. Approximately six months
after Federal filed its declaratory judgment action, Gobert filed
his seventh amended complaint, adding Federal as a Defendant in
the state court action. Southwest filed a motion to stay the
federal declaratory judgment action. Judge Africk found that the
state and federal proceedings were not true parallel proceedings
in that the state court proceedings would not resolve all of the

issues involved in the declaratory judgment suit. Specifically, Judge Africk noted that the issue of whether Federal had a duty to defend Southwest had not been raised in the state court action.

Judge Africk further found that even if the proceedings were parallel, he would not stay the proceeding. He noted that the state court proceeding had been filed for more than a year and Federal had only recently been added as a Defendant to the state court proceeding; therefore, he concluded that Federal had not filed its declaratory judgment action in anticipation of litigation. He also noted that judicial economy weighed in favor of exercising jurisdiction because the case was "ripe for complete resolution" [a summary judgment was pending] and forcing Federal to proceed in state court would ultimately force it to "begin anew" in its quest to obtain a judgment declaring that the policies it issued to Southwest did not cover the claims asserted by Gobert. Therefore, he denied the motion to stay.

In North American Specialty Ins. Co. v. Bank, 2006 WL 2054389 (E.D. La. July 21, 2006), this Court stayed a declaratory judgment action pending the outcome of a related state court proceeding.  In that case, this Court determined that possible inconsistent insurance policy interpretations and piecemeal litigation would result if the matter was not stayed. Also, this Court found that similar to the issues in Essex, the issues in the North American declaratory judgment action were solely state

law issues, which were particularly suited for resolution by the state court.  This Court also reasoned that unlike the facts of the <u>Federal Ins. Co.</u> case, no summary judgment had been filed and the case was not "ripe for resolution."

This Court determines that a stay should be granted in this situation.  A stay is warranted because the state court can comprehensively resolve all of the state law coverage issues in a forum that is just as convenient as this one.  Further, the state lawsuit includes all the parties- including Louisiana Citizens.  Last, litigating in only one forum will prevent unnecessary duplication of judicial effort and inconsistent policy interpretations.  Moreover, nearly all the <u>Travelers</u> factor weigh in favor of staying this proceeding:  (1) there is a pending state action in which all of the matters in controversy may be fully litigated; (2) the facts seems to indicate that Plaintiff filed suit in anticipation of a lawsuit filed by Defendant; (3) the facts seem to indicate that Plaintiff engaged in forum shopping; and (4) retaining this lawsuit here would not serve the purpose of judicial economy as it would likely cause duplication of judicial effort and inconsistent results.  Accordingly,

**IT IS ORDERED** that the **Defendant's Motion to Dismiss or Stay (Rec. Doc. 7)** should be and hereby is **GRANTED**.  This case is hereby stayed pending the outcome of the state court litigation.

**IT IS FURTHER ORDERED** that the Clerk of Court mark this action closed for statistical purposes.

8

**IT IS FURTHER ORDERED** that the Court shall retain jurisdiction and that the case shall be restored to the trial docket upon motion of a party if circumstances change, so that it may proceed to final disposition; this order shall not prejudice the rights of the parties to this litigation.

New Orleans, Louisiana this 10th day of October, 2006.

CARL J. BARBIER
UNITED STATES DISTRICT JUDGE